# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES - GENERAL

| Case No. | 2:18-cv-06619-RGK-ASx | Date | November 08, 2018 |
|---|---|---|---|
| Title | *K.C. v. Cal. Hosp. Med. Ctr.* | | |

| Present: The Honorable | R. GARY KLAUSNER, UNITED STATES DISTRICT JUDGE | | |
|---|---|---|---|
| Sharon L. Williams (Not Present) | Not Reported | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |
| Attorneys Present for Plaintiff: | | Attorneys Present for Defendant: |
| Not Present | | Not Present |

**Proceedings:** (IN CHAMBERS) ORDER Re: United States' Motion to Remand [DE 23]; Defendant Khalifa's Motion for Stay of the Proceedings and Substitution of The United States [DE 8]

## I. INTRODUCTION

On February 7, 2018, Dana Dunmore, individually and as guardian ad litem on behalf of her minor son, K.C., filed a first amended complaint ("FAC") alleging medical malpractice against California Hospital Medical Center, Michael Core, M.D., Kelly Jones, M.D., and Ahmad Khalifa, M.D. (collectively, "Defendants"). The parties agreed to dismiss with prejudice Dana Dunmore, leaving K.C. ("Plaintiff") as the sole plaintiff. Plaintiff alleges that Defendants were negligent in rendering prenatal, neonatal, and pediatric care, causing him injury.

On August 1, 2018, Defendant Khalifa ("Khalifa") removed the action to this Court. Khalifa asserts that he is a deemed federal employee of the United States Public Health Service ("PHS") and as such, has a right to remove the action under 42 U.S.C. §§ 233(l)(1)–(2) of the Public Health and Welfare Act ("§ 233"). Khalifa also contends that his status as a deemed federal employee makes removal proper under 28 U.S.C. § 1442(a)(1) ("§ 1442"; removal for federal officers).

On August 8, 2018, Khalifa filed a motion for stay of the proceedings and substitution of the United States, asserting absolute immunity under § 233(a) of the Public Health and Welfare Act. On August 24, 2018, the United States filed a notice of participation in the suit pursuant to 28 U.S.C. § 517. The United States opposes Khalifa's motion and moves to remand the case.

Presently before this Court is Khalifa's Motion for Stay of the Proceedings and Substitution of the United States ("Motion for Stay and Substitution") and the United States' Motion to Remand (collectively, "Motions"). For the following reasons, the Court **GRANTS** the United States' Motion to Remand and **DENIES** Khalifa's Motion for Stay and Substitution as moot.

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:18-cv-06619-RGK-ASx | Date | November 08, 2018 |
|---|---|---|---|
| Title | *K.C. v. Cal. Hosp. Med. Ctr.* | | |

## II. FACTUAL BACKGROUND

The parties' Motions contain the following uncontroverted facts:

Khalifa is an obstetrician and gynecologist, employed by Eisner Pediatric and Family Medical Services ("Eisner"). Eisner receives federal funding under Section 330 of the Public Health Service Act, 42 U.S.C. § 254b. In 2007, Eisner acquired the Women's Health Center from California Hospital Medical Center ("California Hospital"). After this acquisition, Eisner submitted a request to the Department of Health and Human Services ("HHS") to add California Hospital as a federally-approved site, which HHS granted. (*See* Khalifa's Mot. for Stay Ex. C, D, ECF No. 8-3, 8-4.) During the relevant period, Khalifa worked at California Hospital.

Since January 1, 2014, HHS has deemed Eisner to be an employee of the PHS and therefore eligible for coverage[1] under the Federal Tort Claims Act ("FTCA"; 28 U.S.C. § 1346(b)), and in accordance with the Federally Supported Health Centers Assistance Act ("FSHCAA"; 42 U.S.C. § 233(g)). (*See* Notices of Deeming Action, Ex. A, ECF No. 8-1.) The FSHCAA makes a lawsuit against the United States the "exclusive" remedy for injuries caused by the medical malpractice of deemed PHS employees, effectively granting absolute immunity to deemed PHS employees for actions arising within the scope of their employment.[2] 42 U.S.C. §§ 233(a), (g); *Hui v. Castaneda*, 559 U.S. 799, 805–06 (2010). The purpose of the FSHCAA is to relieve federally-funded health centers of the burden of purchasing expensive malpractice insurance. *El Rio Santa Cruz Neighborhood Health Ctr. v. U.S. Dep't of Health & Human Servs.*, 396 F.3d 1265, 1268 (D.C. Cir. 2005); H.R. Rep. No. 104-398, at 5–6 (1995), *reprinted in* 1995 U.S.C.C.A.N. 767, 769.

This medical malpractice claim arose from events that occurred at California Hospital in 2014. Plaintiff alleges that his mother, Dana Dunmore, was Defendants' patient and received obstetrical care. Under Defendants' care, she delivered Plaintiff on January 16, 2014. According to Plaintiff, Defendants were negligent in rendering prenatal, neonatal, and pediatric care, causing injury to Plaintiff. On October 11, 2017, Plaintiff filed a complaint in state court against Defendants for medical malpractice.

On June 26, 2018, Khalifa's attorney provided a copy of the FAC by email to HHS's Office of the General Counsel, requesting FTCA coverage as a deemed PHS employee. (*See* Torres Decl. Ex. 1, ECF No. 26-2.) According to the United States, HHS did not forward a copy of the FAC to the Attorney General or the United States Attorney. (*See* Torres Decl. ¶ 6, ECF No. 23-6.) On August 1, 2018,

---

[1] "Coverage extends to deemed entities and their (1) officers; (2) governing board members; (3) full- and part- time employees; and (4) contractors who are licensed or certified individual health care practitioners providing full-time services . . . ." (Notices of Deeming Action, Ex. A, ECF No. 8-1.)

[2] A medical doctor may be a deemed PHS employee but still ineligible for FTCA coverage in a case where there Government does not certify that the doctor was "acting in the scope of his employment at the time of the incident out of which the suit arose." *See* 42 U.S.C. § 233(c).

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:18-cv-06619-RGK-ASx | Date | November 08, 2018 |
|---|---|---|---|
| Title | *K.C. v. Cal. Hosp. Med. Ctr.* | | |

Khalifa removed the action to this Court, citing 42 U.S.C. § 233(*l*)(2) and 28 U.S.C. § 1442(a)(1) as grounds for removal. (*See* Notice of Removal, ECF No. 1.) The next day, the United States Attorney received a copy of Khalifa's Notice of Removal by mail. (*See* Beck Decl. Ex. 3, ECF No. 23-4.) The United States claims that the Notice of Removal was its first notice of this pending lawsuit.

On August 14, 2018, the United States Attorney, acting as designee of the Attorney General[3], filed a Notice to State Court stating that Khalifa's request for FTCA coverage was under consideration. (*See* Beck Decl. Ex. 4, ECF No. 26-1.) Within thirty days, the United States Attorney notified Khalifa's attorney by mail that it denied Khalifa's request for FTCA coverage under the FSHCAA for the medical services he provided to Plaintiff at California Hospital. (*See* Beck Decl. Ex. 5, ECF No. 26-1.) On September 12, 2018, the United States filed a notice with the state court of its determination. (*Id.* at Ex. 6.)

The Government determined that Khalifa acted outside the scope of his employment "with respect to the actions or omissions that are the subject of the [lawsuit]." *Id.* The United States Attorney asserts that Khalifa provided medical services to Plaintiff at California Hospital pursuant to a private contract between Eisner and California Hospital. Under that contract, Eisner agreed to designate doctors, like Khalifa, to provide on-call services at California Hospital on a continuous basis. However, according to the Government, California Hospital is not a deemed PHS employee and therefore not eligible for FTCA coverage. Accordingly, the care Khalifa rendered to Plaintiff at California Hospital fell outside the scope of his employment and is therefore not covered under the FTCA.

Khalifa and the United States now contest whether removal is proper, and if so, how the Court should proceed. Presently before this Court is Khalifa's Motion for Stay and Substitution and the United States' Motion to Remand.

## III. JUDICIAL STANDARD

### A. Removal

"Except as otherwise expressly provided by Act of Congress," a defendant may remove a case from state court when the federal court would have had original jurisdiction. 28 U.S.C. § 1441(a). The Ninth Circuit "strictly construe[s] the [§ 1441] removal statute against removal jurisdiction." Gaus v. Miles, 980 F.2d 564, 566 (9th Cir. 1992); cf. Durham v. Lockheed Martin Corp., 445 F.3d 1247, 1252, 1253 (9th Cir. 2006) ("[W]e do not interpret our jurisdiction under section 1442 so strictly" and "extend section 1442's liberal interpretation to section 1446."). The general presumption against removal jurisdiction places the burden on the defendant to show that removal is proper. Id. A court "resolves all ambiguity in favor of remand to state court." Hunter v. Philip Morris USA, 582 F.3d 1039, 1042 (9th

---

[3] The Court will use the Attorney General and the United States Attorney interchangeably throughout this Order because the United States Attorney acted as a designee of the Attorney General. Also, the Court will refer to both government agencies as the Government.

JS-6

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | 2:18-cv-06619-RGK-ASx | Date | November 08, 2018 |
| Title | *K.C. v. Cal. Hosp. Med. Ctr.* | | |

Cir. 2000). "If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c).

District courts have "original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. This federal question jurisdiction is governed by the "well-pleaded complaint" rule, which provides that a federal question must be presented on the face of the plaintiff's complaint without considering a federal defense. Caterpillar, Inc. v. Williams, 482 U.S. 386, 392–93 (1987). "[I]t has long been settled that the existence of a federal immunity to the claims asserted does not convert a suit otherwise arising under state law into one which, in the statutory sense, arises under federal law." Okla. Tax Comm'n v. Graham, 489 U.S. 838, 841 (1989) (citing Gully v. First Nat'l Bank, 299 U.S. 109 (1936)).

However, Congress expressly enacts removal provisions "when it desire[s] federal courts to adjudicate defenses based on federal immunities." Okla. Tax Comm'n, 489 U.S. at 841. For example, 42 U.S.C. §§ 233(c) and 233(l)(2) authorize removal to federal court in certain situations for deemed PHS employees asserting absolute immunity. In addition, 28 U.S.C. § 1442(a)(1) authorizes removal of actions in which federal immunity can be asserted, "for any act 'under color' of federal office, regardless of whether the suit could originally have been brought in a federal court." Willingham v. Morgan, 395 U.S. 402, 406–07 (1969).

### B. Stay

District courts have "broad discretion to stay proceedings as an incident to its power to control its own docket." Clinton v. Jones, 520 U.S. 681, 706 (1997) (citing Landis v. North American Co., 299 U.S. 248, 254 (1936) ("[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes of its docket with economy of time and effort for itself, for counsel, and for litigants.")). In exercising this discretion, courts weigh competing interests like "the possible damage which may result from the granting of a stay, the hardship or inequity which a party may suffer in being required to go forward, and the orderly course of justice measured in terms of the simplifying or complicating of issues, proof, and questions of law which could be expected to result from a stay." CMAX, Inc. v. Hall, 300 F.2d 265, 268 (9th Cir. 1962).

## IV. DISCUSSION

Khalifa contends that removal is proper under § 233(*l*)(2) and § 1442(a)(1). The Court disagrees and finds that remand is warranted. Accordingly, the Court denies as moot Khalifa's Motion for Stay and Substitution.

JS-6

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:18-cv-06619-RGK-ASx | Date | November 08, 2018 |
|---|---|---|---|
| Title | *K.C. v. Cal. Hosp. Med. Ctr.* | | |

### A.      **Motion to Remand**

  i.      *Section 233 Removal*

The FSHCAA provides for only two circumstances in which a case can be removed from state court to federal court. 42 U.S.C. § 233; *see also El Rio Santa Cruz Neighborhood Health Ctr.*, 396 F.3d at 1268; *Q v. Cal. Hosp. Med. Ctr.*, No. cv-17-07917-R, 2018 U.S. Dist. LEXIS 34684, at *4 (C.D. Cal. March 1, 2018). The first circumstance is:

> Upon a certification by the Attorney General that the defendant was acting in the scope of his employment at the time of the incident out of which the suit arose, any such civil action or proceeding commenced in a State court shall be removed without bond at any time before trial by the Attorney General to the district court of the United States of the district and division embracing the place wherein it is pending . . . .

42 U.S.C. § 233(c). In other words, an action must be removed after the Attorney General certifies that a state court defendant was acting within the scope of his employment as a deemed PHS employee at the time of the alleged incident. *Id.*

Here, removal is not authorized under this subsection because the Government did not certify that Khalifa was acting in the scope of his employment as a deemed PHS employee at the time of the alleged incident. Instead, the Government determined that Khalifa was *not* covered by the FTCA for the medical services that Khalifa provided to Plaintiff at California Hospital. (*See* Beck Decl. Ex. 6, ECF No. 26-1.)

Khalifa presumes that the Notices of Deeming Action, deeming his employer Eisner a PHS employee, conclusively resolve the question of whether he is covered under the FTCA in this case. Khalifa argues that those deeming determinations are "final and binding" on the Attorney General and should automatically confer certification by the Attorney General. (Khalifa's Mot. for Stay, 6, ECF No. 8 (citing 42 U.S.C. § 233(g)(1)(F)).) However, Khalifa's presumption is inaccurate. Notices of Deeming Action are only a precondition to the Government's ultimate decision to grant FTCA coverage. The Attorney General must still certify "that the defendant was acting in the scope of his employment at the time of the incident out of which the suit arose," which naturally happens after the suit is filed. 42 U.S.C. § 233(c); *see* Health Resources & Servs. Admin., <u>Federal Torts Claims Act Health Center Policy Manual</u>, U.S. Dep't of Health & Hum. Servs. (July 21, 2014), https://bphc.hrsa.gov/policiesregulations/policies/ftcahcpolicymanualpdf.pdf[4]. Accordingly, removal is not proper under this subsection because the Attorney General did not certify Khalifa after the lawsuit was filed.

---

[4] The Federal Tort Claims Act Health Center Policy Manual states: "The applicability of FTCA to a particular claim or case will depend upon verification by HHS OGC and/or certification by the United States Attorney . . . The verification process confirms that the covered entity and the covered individuals were performing within the approved scope of project and scope

JS-6

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:18-cv-06619-RGK-ASx | Date | November 08, 2018 |
|---|---|---|---|
| Title | *K.C. v. Cal. Hosp. Med. Ctr.* | | |

The second circumstance in which a case can be removed under § 233 is when the Attorney General fails to appear in state court within fifteen days after being notified of a civil action against a deemed PHS employee. 42 U.S.C. § 233 (*l*)(2). In that situation, "the civil action or proceeding shall be removed to the appropriate United States district court" and stayed "until such court conducts a hearing, and makes a determination, as to the appropriate forum or procedure for the assertion of the claim for damages . . . and issues an order consistent with such determination." *Id.*

The United States Attorney appeared in the action on August 14, 2018 when it filed a notice with the state court stating that Khalifa's request for FTCA coverage was under consideration. Khalifa asserts that the Government did not appear until September 12, 2018 when it filed a notice with the state court that it denied Khalifa's request for FTCA coverage. However, the Government's first filing with the state court on August 14, 2018 sufficiently qualifies as an appearance. *See Allen v. Christenberry*, 327 F.3d 1290, 1293, 1295 (11th Cir. 2003) (finding the Attorney General appeared in state court when it filed a notice that the defendants' request for FTCA coverage was under consideration); *see also Appearance*, The Wolters Kluwer Bouvier Law Dictionary (Desk ed. 2012) ("Any filing or act in court will amount to an appearance.").

The parties also dispute when the United States Attorney first received notice. Khalifa contends that the United States Attorney received notice of the lawsuit on June 26, 2018 when Khalifa's attorney emailed the FAC to HHS's Office of the General Counsel. Upon receipt of the email, HHS had an obligation under § 233(b) to "promptly furnish copies of the pleading and process therein to the United States attorney . . . to the Attorney General, and to the Secretary." 42 U.S.C. § 233(b). According to Khalifa, because of this obligation, notice should be imputed to the Attorney General on the date HHS received notice—June 26, 2018. The United States Attorney then failed to appear by July 11, 2018, which was fifteen days from when Khalifa emailed a copy of the FAC to HHS. The United States contends, on the contrary, that the United States Attorney first received actual notice on August 2, 2018 when it received Khalifa's Notice of Removal. The United States Attorney then appeared in the action less than fifteen days later, on August 14, 2018, by filing a notice with the state court that stated Khalifa's request for FTCA coverage was under consideration.

The Court finds that Khalifa's email to HHS did not impute notice on the United States Attorney. Here, "we will not impute the knowledge of a government agency to the U.S. Attorney or the U.S. Attorney General." *Williams v. United States*, 711 F.2d 893, 898 (9th Cir. 1983); *see also Allen v. Veterans Admin.*, 749 F.2d 1386 (9th Cir. 1984) (finding that in the Ninth Circuit, "actual knowledge possessed by an agency will not be imputed to the United States"); *Barrie v. United States*, 615 F.2d 829, 830 (9th Cir. 1980) ("The imputation of knowledge of one government agency to another is impermissible."). The clock began ticking once the United States Attorney received the Notice of Removal on August 2, 2018, providing actual notice of the lawsuit for the first time. Accordingly, the

---

of employment, contract for services, or duties as an officer or director of the covered entity pursuant to the FTCA at the time of the incident in question." Section II.K.

JS-6

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:18-cv-06619-RGK-ASx | Date | November 08, 2018 |
|---|---|---|---|
| Title | *K.C. v. Cal. Hosp. Med. Ctr.* | | |

Court finds that the United States Attorney did appear in the action within fifteen days of receiving notice by filing its initial notice with the state court on August 14, 2018.

Khalifa makes a policy argument: Section 233 must allow removal to provide a federal forum for judicial review of the Government's denial of FTCA coverage to a deemed PHS employee; otherwise, judicial review would be precluded. This argument is unpersuasive. A deemed PHS employee has another avenue for judicial review. He can challenge the Government's denial of coverage under the APA. *See El Rio Santa Cruz Neighborhood Health Ctr.*, 396 F.3d at 1267. While removal may be a more expedient avenue for judicial review, the Court cannot read into a statute what it may believe should be there. *See United States v. Great. N. R. Co.*, 343 U.S. 562, 575 (1952) ("It is our judicial function to apply statutes on the basis of what Congress has written, not what Congress might have written.").

The FSHCAA provides for only two circumstances in which a case can be removed from state court to federal court: (1) when the Attorney General certifies FTCA coverage under § 233(c), and (2) when the Attorney General fails to appear within fifteen days under § 233(*l*)(2). Neither circumstance applies here. Therefore, removal under § 233 is improper.

  ii.  *Section 1442 Removal*

Section 1442 authorizes removal by "any officer (or any person acting under that officer) of the United States . . . for or relating to any act under color of such office." 28 U.S.C. § 1442(a)(1). Khalifa contends that his status as a deemed PHS employee makes him a federal officer under § 1442 and asserts that other district courts have invoked § 1442 as a basis for removal by PHS employees and deemed PHS employees. (Opp'n to Mot. to Remand, 18, ECF No. 27.) He cites two Central District of California opinions to support this proposition: *Davis v. Estate of Dr. Joseph Perkins*, No. 11-06917 (C.D. Cal. filed Aug. 23, 2011); *Alvarez v. Cox*, No. 08-08462 (C.D. Cal. filed Dec. 22, 2008).

However, these cases do not support Khalifa's proposition. First, the basis of removal in *Davis* was § 233(c), not § 1442. The Attorney General appeared within fifteen days and certified that the defendant was acting in the scope of his employment, which necessitated § 233(c) removal. Second, in *Alvarez*, the Government certified that the defendant was a deemed employee of the federal government and was acting within the scope of his federal employment. The Government removed the case under both or either § 1442 and/or the FTCA (28 U.S.C. § 2679). Here, the Government did not certify Khalifa and instead denied FTCA coverage. Accordingly, Khalifa's assertion is unpersuasive because these cases are distinguishable. Removal became proper in those cases only after the Government certified the defendants' deemed federal status, which is not the case here.

The Court also considers principles of statutory interpretation to evaluate whether Khalifa may invoke § 1442 as a proper basis for removal. The plain language of the FSHCAA is clear. *See Connecticut Nat'l Bank v. Germain*, 503 U.S. 249 (1992) ("[C]ourts must presume that a legislature says

JS-6

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:18-cv-06619-RGK-ASx | Date | November 08, 2018 |
|---|---|---|---|
| Title | *K.C. v. Cal. Hosp. Med. Ctr.* | | |

in a statute what it means and means in a statute what it says there."). The FSHCAA states that an individual may be deemed an employee of PHS, and thus a federal employee, "for purposes of this section," not for purposes of all federal removal statutes. *See* 42 U.S.C. § 233(g)(1) ("*For purposes of this section* and subject to approval by the Secretary . . . an entity described in paragraph (4), and any . . . employee of such an entity . . . shall be deemed to be an employee of the Public Health Service."(emphasis added)). A state court defendant cannot use its deemed federal status, which is limited to coverage under the FTCA for medical malpractice, for all purposes.

Another principle precludes § 1442 removal in this case. "A specific [statutory] provision controls one of more general application." *Gozlon-Peretz v. United States*, 498 U.S. 395 (1991) (citing *Crawford Fitting Co. v. J. T. Gibbons, Inc.*, 482 U.S. 437 (1987)). For instance, a district court in this circuit held, "Given that § 233 specifically applied to [the] action, removal under the more general § 1442 was improper." *Nye v. Hilo Med. Ctr.*, No. cv-09-00220-JMS-KSC, 2010 U.S. Dist. LEXIS 22482, at *8 (D. Haw. Mar. 11, 2010). Application of § 1442, instead of § 233, in a case where a defendant is a deemed PHS employee would swallow the § 233 removal provision, rendering it superfluous. *See United States v. Menasche*, 348 U.S. 528, 538–39 (1955) ("It is our duty 'to give effect, if possible, to every clause and word of a statute.'") (quoting *Montclair v. Ramsdell*, 107 U.S. 147, 1552 (1883)).

Even if the Court applied § 1442(a)(1) as a basis for removal, removal is still improper because Khalifa does not qualify. Section 1442 permits removal by any person "acting under" a federal agency or officer. That "acting under" relationship "typically involves 'subjection, guidance, or control.'" *Watson v. Phillip Morris Cos.*, 551 U.S. 142 (2007) (quoting Webster's New International Dictionary 2765 (2d ed. 1953)). A person's actions "must involve an effort to *assist*, or to help *carry out*, the duties or tasks of the federal superior," beyond "simply *complying* with the law." *Id.* Here, Khalifa does not sufficiently demonstrate that he "acted under" a federal agency or officer. On the contrary, the United States Attorney determined that Khalifa did not act within the scope of his deemed PHS employment. Therefore, the Court cannot find that Khalifa qualifies for § 1442 removal. Accordingly, Khalifa may not invoke § 1442 to remove this case under these circumstances.

Even if Khalifa could invoke § 1442, removal was untimely; therefore, the case should be remanded. Congress requires a defendant to file a notice of removal within thirty days. 28 U.S.C. § 1446(b)(1). "[A] federal officer defendant's thirty days to remove commence[s] when the plaintiff discloses sufficient facts for federal officer removal." *Durham*, 445 F.3d at 1253. Here, Plaintiff's FAC reveals that the action arose from the performance of Khalifa's duties as a medical doctor at California Hospital. Therefore, upon service of the FAC, Khalifa received sufficient information that he may qualify as a person acting under a federal agency or officer given his known employment status and the facts alleged. The clock began ticking once Khalifa was served with the FAC on April 15, 2018. However, he did not file his Notice of Removal until August 1, 2018. This time period exceeds the 30-day limit described in § 1446(b)(1), and removal therefore was untimely.

JS-6

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:18-cv-06619-RGK-ASx | Date | November 08, 2018 |
|---|---|---|---|
| Title | *K.C. v. Cal. Hosp. Med. Ctr.* | | |

iii. *Conclusion*

The Court lacks jurisdiction because this case does not fall within the removal provisions of § 233 and Khalifa cannot invoke federal officer removal under § 1442. Therefore, remand is warranted.

**B. Khalifa's Motion for Stay of the Proceedings and Substitution of the United States**

Because the Court finds that remand is warranted, the Court denies Khalifa's Motion for Stay and Substitution as moot.

## V. **CONCLUSION**

For the foregoing reasons, the Court **GRANTS** the Motion to Remand and **DENIES as moot** Khalifa's Motion for Stay and Substitution.

**IT IS SO ORDERED.**

_____ : _____

Initials of Preparer _____